**Ernest TURNER, Plaintiff,**

v.

**John A. WILLARD, Deputy Commissioner of the United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District, 641 Washington Street, New York, New York, Defendant.**

United States District Court
S. D. New York.

Sept. 6, 1956.

Arthur Bardack, Brooklyn, N. Y., for plaintiff.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, Nicholas Tsoucalas, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion and cross-motion for summary judgment which seeks to review and set aside, or affirm, as the case may be, a compensation order filed by the Deputy Commissioner of the United States Department of Labor in which the Deputy Commissioner rejected the workman's compensation claim made by the plaintiff, on the ground that the injuries sustained did not arise out of and in the course of employment.

The claim was filed pursuant to the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C.A. § 901 et seq., as amended, 42 U.S.C.A. § 1651 et seq., which provides workmen's compensation for injuries suffered by employees covered thereby. The term "injury" is defined in § 902(2) of Title 33, as follows:

"The term 'injury' means accidental injury or death arising out of and in the course of employment * * *."

. Both sides have conceded that there is no issue of fact in the case and that the only issue is whether on the admitted facts the injuries suffered by the plaintiff did, as a matter of law, arise out of and in the course of plaintiff's employment.

The facts show that plaintiff was employed by the firm of Skidmore, Owings & Merrill as Chief Inspector for the Sukiran construction area on the island of

Okinawa. The plaintiff was hired in New York for a twelve month period. He was not accompanied by his family to Okinawa. His regular working hours were from 7:00 a. m. to 12:00 noon, and from 1:00 p. m. to 6:00 p. m. for a six day week.

On September 15, 1953, plaintiff signed in for work at 7:00 a. m. and after receiving his employer's permission visited the dental clinic and thereafter returned to his job, signing out at 12:00 noon for lunch. At 1:00 p. m., after signing in for work, he left his work area without specific authorization from his employer, went to his hut in order to get his wallet which he had left there, and instead of returning to his job he got into his jeep and proceeded to the Futema construction area to see a Mr. Gorsline, who was the acting area superintendent of the Futema construction project, and who was also the president of the bowling league which was organized by the employees of Skidmore, Owings & Merrill and the Rogers Engineering Company. The purpose of this trip, as stated by the paintiff, was to ask Mr. Gorsline some questions concerning the bowling league.

While on his way to see Mr. Gorsline, plaintiff's jeep overturned pinning him under it, thereby causing personal injury to him which resulted in the disability complained of here and for which plaintiff now seeks compensation. This accident occurred two miles south of Futema, which is outside the Sukiran construction area.

The evidence shows that the bowling league was organized at the suggestion of the general manager, office manager and personnel manager of the employer and that it was organized for the recreation of employees. The construction crew lived together with the military personnel at the camp area but the military had their own recreation programs, such as boxing, bowling and basketball. At the time the construction work started there was no organized recreation for the construction workers and they could not participate in the military recreation program. In the course of time a bowling league and baseball league were organized at the suggestion of and with the assistance of the employer. The company bulletin board was used for announcements about these leagues and a company station wagon was used for transportation to the places where these sports were engaged in.

The plaintiff had been made captain of one of the bowling leagues. On the day in question he wished to discuss some matters with respect to the bowling league with Mr. Gorsline who was the president of the bowling league and who was employed as acting area superintendent on the construction project at Futema, Okinawa, about half a mile to a mile from the project on which the plaintiff was working.

There is no dispute as to the facts and the facts as found by the Deputy Commissioner may be accepted. However, on these admitted facts a question of law arises as to whether the injuries arose out of and in the course of employment.

The attorneys for the defendant contend (1) that activities in connection with the bowling league were not activities arising out of and in the course of employment, and (2) that the plaintiff, at the time of the accident, had left his regular site of employment and that during the time he was traveling to see Mr. Gorsline he was not acting in the course of his employment.

The law recognizes that employers today often promote recreational activities to improve the morale of their employees, particularly when the place of employment is far from home and the employees are exposed to the unfavorable living conditions existing in a construction camp on a remote island. If plaintiff had been injured at the Okinawan bowling alley, or in going to or returning from a bowling match, there would be little doubt, under the cases, that he would be entitled to workman's compensation. See O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Hastorf-Nettles, Inc. v. Pillsbury, 9 Cir., 1953, 203 F.

2d 641; Jewel Tea Co. v. Industrial Comm., 1955, 6 Ill.2d 304, 128 N.E.2d 699, 928; Tedesco v. General Electric Co., 1953, 305 N.Y. 544, 114 N.E.2d 33; Dodge v. Wm. J. Keller, Inc., 1952, 304 N.Y. 792, 109 N.E.2d 85; Ott v. Industrial Comm., 1948, 83 Ohio App. 13, 82 N.E.2d 137; see also Larson, Workmen's Compensation, § 22.00.

If the recreational activities were activities within the scope of plaintiff's employment then it would be equally true that a conference between the plaintiff and the president of the bowling league about bowling league matters would be within the scope of his employment. The defendant maintains, however, that the plaintiff left his place of employment to drive over to another working site to carry on these conversations, and that when going to and returning from that spot he was not acting in the course of his employment. It must be remembered that the plaintiff's supervisory position did not tie him to one spot in order to perform his work nor was there evidence that he had to get specific permission to leave the work site. He returned from lunch at 1:00 p. m. and then decided to see Mr. Gorsline at his site some mile away. If he had occasion to see Mr. Gorsline about a construction problem it would scarcely have been contended that he was not acting in the course of his employment just because the site was different from the one where his ordinary duties lay. Similarly, since the activities of the bowling league were activities within the scope of plaintiff's employment, why should a conference with the other superintendent be differently treated?

■ The statute creates a presumption that a claim filed under it comes within the provision of the Act unless there is "substantial evidence to the contrary." Title 33 U.S.C.A. § 920. The statute creates this presumption for the benefit of the claimant. Accordingly if disability arises in the course of employment it must be presumed to have arisen therefrom unless there is substantial evidence to the contrary. Travelers Ins.

Co. v. Donovan, 1955, 95 U.S.App.D.C. 331, 221 F.2d 886.

■ We must recognize that "Workmen's compensation is not confined by common-law conceptions of scope of employment. * * * The test of recovery is not a causal relation between the nature of employment of the injured person and the accident. * * * Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that is required is that the 'obligations or conditions' of employment create the 'zone of special danger' out of which the injury arose." O'Leary v. Brown-Pacific-Maxon, 1951, 340 U.S. 504, 506, 71 S. Ct. 470, 471, 95 L.Ed. 483.

■ Injuries suffered by an employee in the course of travel raise questions as to whether the injuries are incurred in the course of the employment. Judge Cardozo, speaking for the New York Court of Appeals, has well expressed the test that must be used in determining such a question:

" * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped * * * though the business errand was undone, the travel is then personal, and personal the risk." Marks' Dependents v. Gray, 1929, 251 N.Y. 90, 93, 167 N.E. 181, 183.

■ The maintenance of a bowling league was a proper activity of the employer, and under the well accepted principles of law activities in connection with this bowling league were activities in the scope of employment of the employee. The plaintiff was engaged in activities in connection with the bowling league at the time he suffered injuries. There was no competent evidence that he had aban-

**356**

doned his employment or that in traveling to see Mr. Gorsline he was violating any rules or regulations or was deviating from his regular employment. The plaintiff was injured while traveling on company time in a company jeep to confer with a fellow-employee about a project which was as much a part of his regular employment as if it had related to an item of construction. The Deputy Commissioner erred when on the admitted facts he concluded that the injuries were not incurred in the course of the plaintiff's employment. The motion of the plaintiff for an order setting aside the aforesaid order of the Deputy Commissioner, and for an order directing that the compensation claim should be allowed, is granted. The cross-motion of the defendant for summary judgment in favor of the defendant is denied.

Submit order on notice.