Ernest TURNER, Plaintiff,

v.

John A. WILLARD, Deputy Commissioner of the United States Department of Labor, Bureau of Employee's Compensation, Second Compensation District, 641 Washington Street, New York, New, York, Defendant,

The Fidelity & Casualty Company of New York, Applicant for Intervention.

United States District Court
S. D. New York.

Dec. 19, 1957.

**452**

Arthur Bardack, Brooklyn, for plaintiff.

Martin Tucker, for applicant for intervention.

DAWSON, District Judge.

This is a motion by The Fidelity & Casualty Company of New York for leave to intervene.

The action is one by Ernest Turner to review and set aside a compensation order filed by the Deputy Commissioner of the United States Department of Labor, in which the Deputy Commissioner rejected plaintiff's claim for workmen's compensation on the ground that the injuries sustained by the plaintiff did not arise out of and in the course of plaintiff's employment. Both parties moved for a summary judgment, conceding there was no issue of fact in the case and alleging that the only issue was one of law. After argument the Court granted the plaintiff's motion and directed that judgment be entered setting aside the order of the Deputy Commissioner and that an order be entered allowing the compensation claim. See D.C., 154 F.Supp. 352.

It appears from the papers submitted on this motion that judgment in accordance with the decision of the Court was entered on October 9, 1957, and that the defendant has taken no appeal therefrom. The motion for leave to intervene was therefore made after judgment had been entered.

Applicant seeks to intervene on the ground that it is the insurance carrier who must ultimately pay the claim. It asserts that until a few weeks ago it had no knowledge of the commencement or pendency of the action. In its motion papers, applicant seeks leave to intervene, to file an answer and for an order setting aside the order granting summary judgment to the plaintiff and setting aside the judgment entered thereon.

No reasons are given in the moving papers for setting aside the order granting summary judgment to the plaintiff. If what the applicant seeks to do is to secure reargument of the motion granting summary judgment no reasons have been advanced for granting such reargument.

Nor does the motion to intervene seem to be timely made, which is a requirement of Rule 24(a) of the Rules of Civil Procedure, 28 U.S.C.A. As Professor Moore states: "Intervention after judgment is unusual and not often granted." Moore's Federal Practice, Vol. 4, p. 99.

If there is to be an end to litigation, it would seem that the parties affected by the outcome should not sleep upon their rights and wait until the matter has gone to judgment before seeking to intervene. In those cases where leave to intervene has been granted after entry of judgment other factors were present which excused the applicants for delay in seeking intervention. No such factor is presented here. The applicant participated in the proceedings before the Deputy Commissioner. If it failed to follow up those proceedings, subsequent to those hearings, it has no one to blame but itself. Furthermore, there would be no reasonable basis for allowing the applicant to intervene and file an answer. It is well recognized that the function of the Court in an action such as this is to review the record before the Deputy Commissioner. No additional testimony is taken. That record, in the making of which the applicant participated, is complete. The only issue before the Court was whether, as a matter of fact

based upon the testimony therein contained, and as a matter of law, the ruling of the Deputy Commissioner was correct.

So much of the motion as seeks to set aside the order of October 8, 1957, granting plaintiff summary judgment, or to set aside the judgment entered thereon on October 9, 1957, is denied. So much of the motion as seeks an order granting the applicant leave to intervene and file an answer is denied.

This leaves only the question of the appeal. If applicant wishes to insist upon an appeal in this matter, or to participate in the appeal, it has shown sufficient interest in the case to warrant such relief being granted. The Court will, therefore, be ready to sign an order, submitted on notice by the applicant, granting applicant the right to intervene for the purpose of taking and perfecting an appeal from the judgment. Whether such an appeal is now time-barred is not before the Court (see Rule 73 of the Rules of Civil Procedure) and must be considered by the applicant. So ordered.