LIBERTY MUTUAL INSURANCE COM-
PANY and The Jacobs Transfer Com-
pany, Inc., Appellants,

v.

Theodore BRITTON, Deputy Commis-
sioner, United States Employees' Com-
pensation Commission, and Joseph Har-
ris, Appellees.

No. 13477.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 6, 1957.

Decided April 18, 1957.

Mr. John Palmer Arness, Washington,
D. C., with whom Mr. Arthur J. Phelan,
Washington, D. C., was on the brief, for
appellant.

Mr. Ward E. Boote, Asst. Sol., De-
partment of Labor, with whom Messrs.
Oliver Gasch, U. S. Atty., Lewis Carroll,
Asst. U. S. Atty., and Herbert P. Miller,
Attorney, Department of Labor, were on
the brief, for appellee Britton.

No appearance for appellee Joseph
Harris.

Before BAZELON, WASHINGTON
and BASTIAN, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of the
District Court granting defendants' (ap-
pellees') motion for summary judgment
and dismissing plaintiffs' (appellants')
complaint for mandatory injunction to
restrain the enforcement of a workmen's
compensation award.[1]

In this case the Deputy Commissioner
made findings that the employee suffered
a permanent partial disability and a con-
sequent loss of actual and potential wage-
earning capacity. He also found that
the employee's post-injury wages do not
fairly and reasonably represent his wage-
earning capacity, and therefore fixed the
wage-earning capacity at $54.90. The
award was based thereon, although wages
actually received before and after the
injury were higher than this figure.[2]
See 33 U.S.C.A. § 908(h). This conclu-
sion, like a determination of whether

1. Under the Longshoremen's and Harbor
Workers' Compensation Act of 1927, 44
Stat. 1424, 33 U.S.C.A. §§ 901–950, made
applicable to the District of Columbia

by the Act of May 17, 1928, 45 Stat. 600,
D.C.Code 1951, §§ 36–501 and 36–502.

2. This higher figure was due to a general
wage increase following union negotia-
tions.

certain conduct is covered by the Act, "concerns a combination of happenings and the inferences drawn from them. In part, at least, the inferences presuppose applicable standards for assessing the simple, external facts. Yet the standards are not so severable from the experience of industry nor of such a nature as to be peculiarly appropriate for independent judicial ascertainment as 'questions of law.'" O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 507–508, 71 S.Ct. 470, 472, 95 L.Ed. 483.

On the record as a whole, the District Court found no reason to disturb the Deputy Commissioner's determination, nor do we. See Annotation, 149 A.L.R. 413; 2 Larson, Workmen's Compensation Law § 57.31 and *passim* (1952). Accordingly, the judgment is

Affirmed.