243 F.2d 659
 100 U.S.App.D.C. 236
 LIBERTY MUTUAL INSURANCE COMPANY and The Jacobs Transfer
Company, Inc., Appellants,
v.
Theodore BRITTON, Deputy Commissioner, United States
Employees' Compensation Commission, and Joseph
Harris, Appellees.
 No. 13477.
 United States Court of Appeals District of Columbia Circuit.
 Argued Feb. 6, 1957.
Decided April 18, 1957.
 
 Mr. John Palmer Arness, Washington, D.C., with whom Mr. Arthur J. Phelan, Washington, D.C., was on the brief, for appellant.
 Mr. Ward E. Boote, Asst. Sol., Department of Labor, with whom Messrs. Oliver Gasch, U.S. Atty., Lewis Carroll, Asst. U.S. Atty., and Herbert P. Miller, Attorney, Department of Labor, were on the brief, for appellee Britton.
 No appearance for appellee Joseph Harris.
 Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is from a judgment of the District Court granting defendants' (appellees') motion for summary judgment and dismissing plaintiffs' (appellants') complaint for mandatory injunction to restrain the enforcement of a workmen's compensation award.[1]
 
 
 2
 In this case the Deputy Commissioner made findings that the employee suffered a permanent partial disability and a consequent loss of actual and potential wage-earning capacity. He also found that the employee's post-injury wages do not fairly and reasonably represent his wage-earning capacity, and therefore fixed the wage-earning capacity at $54.90. The award was based thereon, although wages actually received before and after the injury were higher than this figure.[2] See 33 U.S.C.A. § 908(h). This conclusion, like a determination of whether [100 U.S.App.D.C. 237] certain conduct is covered by the Act, 'concerns a combination of happenings and the inferences drawn from them. In part, at least, the inferences presuppose applicable standards for assessing the simple, external facts. Yet the standards are not so severable from the experience of industry nor of such a nature as to be peculiarly appropriate for independent judicial ascertainment as 'questions of law." O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 507-508, 71 S.Ct. 470, 472, 95 L.Ed. 483.
 
 
 3
 On the record as a whole, the District Court found no reason to disturb the Deputy Commissioner's determination, nor do we. See Annotation, 149 A.L.R. 413; 2 Larson, Workmen's Compensation Law § 57.31 and passim (1952). Accordingly, the judgment is
 
 
 4
 Affirmed.
 
 
 
 [1]
 Under the Longshoremen's and Harbor Workers' Compensation Act of 1927, 44 Stat. 1424, 33 U.S.C.A. §§ 901-950, made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code 1951, §§ 36-501 and 36-502
 
 
 [2]
 This higher figure was due to a general wage increase following union negotiations