**James BROWN**

v.

**Stephen O'HEARNE, Deputy Commis-sioner, Fourth Compensation District,**
**and**
**United Fruit Company.**

No. 3949.

United States District Court
D. Maryland.

March 28, 1958.

Walter R. Tabler, Baltimore, Md., for claimant.

Leon H. A. Pierson, U. S. Atty., and Martin A. Ferris, Asst. U. S. Atty., Baltimore, Md., for Stephen O'Hearne, Deputy Commissioner.

Randall C. Coleman, Jr., and Ober, Williams, Grimes & Stinson, Baltimore, Md., for United Fruit Company.

THOMSEN, Chief Judge.

This is a proceeding filed by a long-shoreman under 33 U.S.C.A. § 921 to review a compensation order.

Claimant sustained a lumbosacral strain on August 6, 1956, while working as a longshoreman for United Fruit and was paid compensation for his temporary total disability through February 11, 1957. Following a hearing on June 18, 1957, the Deputy Commissioner found that "subsequent to 11 February 1957 the claimant had recovered from the effects of his injury to an extent where he could have returned to his regular work without loss of wage-earning capacity", and rejected the claim for compensation subsequent to February 11.

 Claimant seeks review on the grounds that the findings of the Deputy Commissioner arbitrarily ignore the evidence offered on behalf of claimant, are contrary to the weight of the evidence, and are not in accordance with the law. He concedes, however, that the findings of the Deputy Commissioner are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508, 71 S. Ct. 470, 95 L.Ed. 483; Ennis v. O'Hearne, 4 Cir., 223 F.2d 755; Varney v. O'Hearne, D.C.D.Md., 141 F.Supp. 421. Since the claimant admittedly has no scheduled disability, he is not entitled to compensation unless he has an "incapacity because of injury to earn the wages which [he] was receiving at the time of the injury in the same or any other employment". 33 U.S.C.A. § 902(10).

█ Claimant testified on his own behalf that he did not feel able to work on February 10, 1957; that he was getting some benefit from the treatments he was receiving; that United Fruit would not give him a job; that at the time of the hearing in June, 1957, he had weakness in his legs and "right on his hip bone"; that he did not feel that his back was the same as it was before it was hurt, but that he did not know whether that was due to the fact that he had been off work for a long time.

Dr. Wilkerson, a surgeon, called by claimant, testified that he had found some tenderness in the left lower back and some muscle spasm and limitation of motion of the lower back, together with complaints of pain in that area radiating into the leg; that he felt claimant had a musculoligamentous injury of the muscles of the lower back and a possible intervertebral disc or injury to the vertebral cartilage in the left lower back; and that at the time of the hearing claimant had a one-third permanent partial disability.

On the other hand, Dr. Voshell, a highly respected orthopedic surgeon, called by United Fruit, testified that he had examined claimant three times, that there was no intervertebral disc derangement, and that at his last examination on February 11, 1957, he found no signs of any degree of disability.

Dr. Cotter, an internist skilled in neurology, called by United Fruit, testified that claimant tended to exaggerate his complaints, that at the time of his examination on November 16, 1956, claimant functioned perfectly well, and that there was no reason why he could not work.

There is substantial evidence to sustain the findings of the Deputy Commissioner. The credibility of the witnesses was for him. He was fully justified in accepting the testimony of Dr. Voshell and Dr. Cotter rather than the testimony of claimant and claimant's doctor. The record discloses nothing to indicate that the findings were arbitrary, contrary to the weight of the evidence, or not in accordance with the law.

█ In a memorandum submitted to the court before the hearing, claimant's counsel raised the additional point that the actions of the Deputy Commissioner during the hearing were prejudicial to claimant. However, counsel stated in open court that he was not contending that there had been a denial of due process, and a careful reading of the transcript of the proceedings before the Dep-

uty Commissioner shows no basis for a claim of prejudice. The Deputy Commissioner should not be criticized for questioning the witnesses himself; indeed he is supposed to question them as fully as he deems necessary in order to clarify their testimony, to learn the bases for their opinions, to see whether those opinions would be affected by the inclusion or exclusion of certain assumed facts, or otherwise to help him reach a proper decision in the case. And he must be allowed some discretion in limiting the examination of witnesses about matters with which he is already familiar, such as the customary duties of a longshoreman in the port of Baltimore. Since at one point the Deputy Commissioner had interrupted claimant's answer to a question asked on cross-examination, I allowed claimant to take the stand and complete that answer. The answer contributed nothing of importance to the disposition of the case, and claimant's counsel stated that he did not wish to have the case remanded to the Deputy Commissioner for reconsideration.

The order of the Deputy Commissioner is affirmed.