George William **CULLEMBER**

v.

Stephen **O'HEARNE**, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Fourth Compensation District

and

Page Communications Engineering, Inc.,

and

American Foreign Insurance Company.

No. 4110.

United States District Court
D. Maryland.

May 4, 1960.

Woodrow A. Shriver, Shriver & Brooke, District Heights, Md., for claimant.

Leon H. A. Pierson, U. S. Atty., and H. Russell Smouse, Asst. U. S. Atty., Baltimore, Md., for Stephen O'Hearne, Deputy Commissioner.

Albert E. Brault, Rockville, Md., for Page Communications Engineering, Inc. and American Foreign Ins. Co.

R. DORSEY WATKINS, District Judge.

This is an action brought under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq. as made applicable at defense base areas and certain employments elsewhere, 42 U.S.C.A. §§ 1651–1654) to review and set aside an Order of the Deputy Commissioner, Bureau of Employees' Compensation of the Federal Security Agency for the Fourth Compensation District, denying compensation to plaintiff on the ground that notice of injury had not been given to the employer and carrier [sic] within 30 days after injury, as required by 33 U.S.C.A. § 912 (a), (b) and (c), and that the employer and insurance carrier did not have knowledge of an injury to plaintiff that would be equivalent to notice, under 33 U.S.C.A. § 912(d).

The pertinent portion of the Order reads as follows:

"That for some time prior and subsequent to 1 January 1955, the claimant herein was in the employ of the employer herein at Keflavik, Iceland, in the Foreign District, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as that Act was extended by the Act of August 16, 1941 (Public Law No. 208), as amended by the Act of December 2, 1942 (Public Law No. 784), and that the liability of the employer for compensation under said Acts was insured by the American Foreign Insurance Company; that on 28 October 1958 a claim for compensation on account of temporary total disability and permanent partial disability and medical expense was filed in the Office of the Deputy Commissioner, which the claimant avers was caused by accidental injury sustained on approximately 1 January, 1955, while performing service as a rigger for the employer and engaged in digging post holes for a transmission line, he was rolling a rock out of a hole when he injured his back; that at the first hearing on the claim, held in Washington, D. C., on 8 July 1959, the employer and insurance carrier objected to the claim on the grounds that they did not have knowledge of the injury and that notice of injury was not given to the employer or carrier within 30 days; that interrogatories were propounded to Joseph Forno, the employer's agent in charge of the business in the place where the injury occurred, which have been made a part of the record in this case; that Joseph Forno denies any knowledge of an accidental injury to the claimant and specifically denies having received notice of the claimant's having sustained an accidental injury as set forth in the claim.

"Upon the foregoing facts, it is Ordered that the claim be, and it is hereby Rejected on the grounds that the employer and carrier did not have knowledge of the claimant's having sustained an accidental injury and that notice of injury was not given to the employer and carrier [sic] within 30 days, as provided for in Section 12 of the Act."

On review, the sole question is whether or not there is substantial evidence on the record considered as a whole to support the Deputy Commissioner's finding that notice of injury was not given to the employer within 30 days of the injury, and that the employer and carrier did not have knowledge of the injury within that period. There is no contention that written notice was given as required by 33 U.S.C.A. § 912(a), (b) and (c). The problem hence is whether the employer

or carrier had knowledge within the 30-day period. O'Leary v. Brown-Pacific-Maxon, 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Voris v. Eikel, 1953, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5; Bethlehem Steel Co. v. Parker, D.C.D.Md.1947, 72 F.Supp. 35, affirmed 4 Cir., 1947, 163 F.2d 334.

On review, the findings of the Deputy Commissioner are to be accepted unless they are unsupported by substantial evidence in the record considered as a whole. Brown v. O'Hearne, D.C.D.Md. 1958, 160 F.Supp. 517; Varney v. O'Hearne, D.C.D.Md.1956, 141 F.Supp. 421; Ennis v. O'Hearne, 4 Cir., 1955, 223 F.2d 755; O'Leary v. Brown-Pacific-Maxon, supra. As will appear, the court considers the principles of Ennis v. O'Hearne to be controlling, and particularly the holding that although the Deputy Commissioner is free, as the trier of fact, to reject the testimony of any or all witnesses (and specifically, of so-called medical experts) who appear before him in person or by deposition (or interrogatories), it must specifically and unequivocally appear of record that he did consider and reject such testimony, and base his decision upon his personal observations, and what those observations were.

In this case, plaintiff testified that he injured his back on January 9, 1955 when he slipped while removing rock from a hole during the construction of a transmission line in Keflavik, Iceland, and that he went to the Air Force Hospital on January 10, 1955, the day after the accident. He further testified that his admission to the Air Force Hospital was pursuant to the written authorization of one Kramer, the clerk-typist of Joseph Forno, the superintendent of the employer.

Kramer testified that he "had to" prepare such authorization for an employee to be admitted to the Air Force Hospital, and that he had discussed this particular accident with Forno, who had told him to make out the authorization which Forno subsequently signed.

The Deputy Commissioner found, on the basis of written interrogatories propounded to Forno, that notice of plaintiff's injury was not given to the employer and carrier [sic] within 30 days of the injury and that the employer and carrier did not have knowledge of the injury within that period. The pertinent interrogatories and answers were as follows:

### By Claimant

"Interrogatory No. 3: Did George W. Cullember lose any time from work during this period; if so, state the specific time or times?

"A.: Mr. Cullember lost a few days during the period he worked in Iceland. All time lost was because of a big night previous to his staying out. I do not recall Mr. Cullember losing time from work because of illness."

### By Employer and Insurer

"Interrogatory No. 9: While employed as a Foreman in Iceland for Page Communications Engineers, Inc., did the Claimant, George Cullember at any time report to you that he had been injured or that he was ill. If so, state approximately when the circumstances under which the report was made and the information conveyed to you by the employee and what, if anything, you did about it.

"A.: Mr. Cullember never notified me that he had an injury or that he was ill.

"Interrogatory No. 10: Did you at any time while employed as a Foreman for Page Communications Engineers, Inc. have any knowledge or notice either from the Claimant or any one else of the fact that the Claimant, George Cullember, had injured his back or any other part of his body or that he was having back trouble or that he was being treated for the same.

"A.: Other than Mr. Cullember being absent from work because of having too much to drink the previous day, he never reported to me

any ailments. My Clerk-Typist took care of all such matters.

"Interrogatory No. 11: Did you at any time authorize George Cullember to seek medical treatment for a back condition while you were acting as Foreman for Page Communications Engineers, Inc. in Iceland.

"A.: I, myself, never did authorize Mr. Cullember to seek medical treatment. This was always handled by my Clerk-Typist.

\*   \*   \*   \*   \*   \*

"Interrogatory No. 13: State what knowledge, if any, you had regarding any loss of time by George Cullember because of a back injury or back pain.

"A.: Mr. Cullember never lost any time because of injuries.

"Interrogatory No. 14: State in detail any information or knowledge which you have regarding any injury or back condition suffered by George Cullember and from whom such information came to you.

"A.: I was never notified that Mr. Cullember had a back injury."

To the court, these do not seem to be conclusive against the existence of knowledge by the employer of the alleged accident within 30 days of its supposed occurrence. They are evidence of or, at the least, consistent with the conclusion that Kramer took care of "any ailments" to employees under Forno, and that authorizations "to seek medical treatment" were "always handled by" Kramer. Voris v. Eikel, supra.

It may plausibly be argued that the Deputy Commissioner in finding that Forno "denies any knowledge of an accidental injury to the claimant and specifically denies having received notice of claimant's having received an accidental injury as set forth in the claim" must necessarily have rejected the testimony of claimant and Kramer to the contrary, and also Kramer's testimony of his own knowledge. Had the Deputy Commissioner made such specific findings, the court is not prepared to say that under the Ennis holding this would not have been justifiable. Claimant was uncertain as to the date of his alleged injury; his hospital record shows that on admission on January *15*, 1955, allegedly on the day after his injury, his complaint was of a backache of three days duration; that on his next two admissions his complaints did not relate to his back, but were of alcoholic gastritis; that when he applied, after his return to the United States, for re-employment by the defendant employer, he made no mention of his alleged previous back injury in the employer's employment, as he knew that he would not be employed if such were disclosed (strongly suggesting to the court the conclusion that plaintiff thought that his employer did *not know* of the injury for which this claim was filed); and plaintiff's testimony, that interruptions to his subsequent sporadic employment were attributable to his back condition, was at least in part discredited by testimony of his various employers that such unemployment was (at least largely) attributable to lack of work.

▬ The case is accordingly remanded to the Deputy Commissioner for specific findings as to whether or not the testimony of claimant and Kramer, above summarized, and any other testimony to the same effect was in fact considered by the Deputy Commissioner, but rejected as not worthy of belief.[1]

The court also suggests that on remand it would be helpful, and perhaps dispositive of the case, if the original admission authorization to the Air Force Hospital should be put in evidence.[2]

Remanded for further findings in accordance with this memorandum.

---

1. There is a memorandum of the Deputy Commissioner dated August 24, 1959, to the Assistant Solicitor, Bureau of Employees' Compensation, strongly suggestive of the consideration and rejection of this evidence by the Deputy Commissioner. It is not, however, incorporated in his Order, and is not formally of record.

2. Such admission slip might well indicate the nature of the complaint on the basis of which it was issued.