**Paolo ROTONDI, Plaintiff,**

v.

**John D. McLELLAN, Jr., Defendant.**

Civ. 60-C-644.

United States District Court
E. D. New York.

May 22, 1961.

Vincent M. Crismali, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., for defendant; Sherwin I. Shapiro, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

This is an action pursuant to section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921, to enjoin the enforcement of and to set aside a compensation order of the Deputy Commissioner. The Deputy Commissioner has moved for summary judgment.

The order under review encompasses two separate injuries suffered by the plaintiff. The plaintiff suffered his first injury on January 31, 1955 when a bale of rags fell from a height and struck him on "his head, neck, and right shoulder, knocking him down, as a result of which he suffered a contusion of the right shoulder and posterior upper thoracic region." Plaintiff's second injury occurred October 27, 1955 "when he stepped back to observe a case and he slipped, and his right foot went into a hole, and he fell to the deck, as a result of which he sustained a fracture of the medial malleolus of the right ankle, contusion and sprain of the right knee, low back involvement, and conversion reaction (hysterical)." (Both quotations from the compensation order's "Findings of Fact.")

As a consequence of this second accident the plaintiff brought a third-party action against the owner of the ship on which he was working at the time, and recovered a judgment of $18,000 of which $11,015.60 was net to the plaintiff. Since that amount is greater than the limit of recovery allowed under the Act for any one accident the plaintiff is entitled to no further compensation for the second injury. 33 U.S.C.A. § 914(m).

The plaintiff contended at the hearing before the Deputy Commissioner that he was permanently totally disabled because of his first injury. The Deputy Commissioner found that he was not presently so disabled. He found further that as a result of the first accident the plaintiff was: (1) temporarily totally disabled from February 1, 1955 to May 10, 1955 and entitled to $495 for that disability; (2) temporarily partially disabled from May 11, 1955 to June 14, 1955 and entitled to $80 for that disability; (3) and permanently partially disabled in that he suffered a 12½% loss of his right arm from June 15, 1955 to February 14, 1956 in the amount of $1,225. Since these disabilities, amounting to $1,800, had been paid to the plaintiff by either the employer or its carrier the Deputy Commissioner found that the plaintiff was entitled to no further compensation for his first accident.

As to the second accident the Deputy Commissioner found that the plaintiff was temporarily totally disabled from October 28, 1955 to April 1, 1959, after which he was temporarily partially disabled. No award was made for these disabilities because, as already noted, the plaintiff's recovery in the third-party action foreclosed any compensation for the accident.

█ The plaintiff's burden before the Deputy Commissioner was essentially to allocate his present disabilities to the first injury (for which further compensation was permissible) rather than to the second (for which no further compensation was possible). The Deputy Commissioner's finding that the plaintiff was not disabled after June 14, 1955 as a result of the first accident (except to the extent of permanent partial disability of the right arm for thirty-five weeks) is supported by substantial evidence and must be affirmed. O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Travelers Ins. Co. v. McLellan, 2 Cir., 288 F.2d 250. To be more specific, the plaintiff's claim dealt mainly with the fracture of a cervical vertebrae. But X rays taken after the first accident and before the second did not disclose the fracture. Furthermore, the plaintiff was able to return to work after the first injury. This fact, taken with other medical evaluations, tended to support the finding that the first injury had no permanent quality other than the 12½% loss already conceded.

The plaintiff has argued that because the disability payment for the partial arm loss was absorbed into compensation payments by agreement of the parties when the plaintiff did not return to work after his second accident, he was never actually compensated for that permanent partial disability and is therefore now entitled to that $1,225 as a matter of law. While it is true that awards of permanent partial disability are to be made over and above awards for temporary disability of either a total or a partial nature (33 U.S.C.A. § 908(c)) the plaintiff's position here depends upon a finding that he was either partially or totally disabled after June 14, 1955 as a result of the first accident. But the Deputy Commissioner found to the contrary and since that finding is supported the plaintiff's argument falls.* Nor does this case present any question of justifiable reliance on informal agreements to the plaintiff's hurt. The Deputy Commissioner found that the plaintiff was totally disabled for that period and could not have returned to work, thus negating the reliance aspect, and that the disability was due to the second accident rather than to the first.

---

* A colloquy in the Record is to the same effect. As part of his opening statement the Deputy Commissioner said: "Subsequently, and on March 14, 1956, the file was reopened on application of the claimant. At an informal conference held in this office on May 7, 1956, the parties agreed to apply the compensation paid for the permanent partial disability which was $1225 toward any additional compensation *found due* for temporary total or temporary partial disability." (Rec. p. 4, emphasis added.) The plaintiff's attorney concurred in this statement.

■ Plaintiff further contends that he is entitled to certain out-of-pocket expenses for transportation to various doctors and hospitals where he received treatment. These treatments were paid for by the employer or its carrier. Plaintiff now estimates these expenses at $75. No specific claim for these amounts was made to the Deputy Commissioner and the record contains no evidence to support the "reasonable figure" set by the plaintiff. The defendant does not argue that under appropriate circumstances travel expenses may not be awarded but rather that by not raising the claim at the hearing it is waived and may not now be asserted. It has been often held that defenses not raised by the employer or the carrier before the Deputy Commissioner are waived. See, e. g., Parker v. Motor Boat Sales, Inc., 1941, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Maryland Casualty Co. v. Cardillo, 1939, 71 App.D.C. 160, 107 F.2d 959. Under the circumstances of this case I cannot see why sauce for the goose should not be sauce for the gander.

■■ Other contentions of the plaintiff are equally without merit. For his contention that is entitled to be recompensed for fees paid to physicians for, testifying at the hearing and for examinations made by his doctors pursuant to testifying, the plaintiff has cited no authority in the Act or in case law. Section 907 of the code entitled "Medical services and supplies" cannot properly be read to provide the services here sought to be recompensed. Moreover, the claims were not presented to the Deputy Commissioner and are waived in any event. Nor did the Deputy Commissioner commit reversible error in excluding the report of Dr. Ferayorni, one of carrier's physicians to whom the plaintiff was referred but who was not available at the hearing. Although the report itself might be admissible as being made in the regular course of business when offered by one other than the entrant or one for whom the entrant is then working, i.e., the carrier (see Korte v. New York N. H. & H. R. R. Co., 2 Cir., 191 F.

2d 86, certiorari denied, 1951, 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 652, there is no showing of prejudice in the exclusion. Cf. Ennis v. O'Hearne, 4 Cir., 1955, 223 F.2d 755. Since the thrust of the plaintiff's case was that he suffered a cervical disc as a result of the first accident it is difficult to see how a report of an internist dealing with stomach complaints could have much bearing. In view of the large amount of medical testimony in the record it is probable that the report would be merely cumulative. Furthermore, although the plaintiff offered the report he took no steps to preserve the point when the Deputy Commissioner sustained the carrier's objection.

The defendant's motion for summary judgment is granted. Settle an order consistent with this opinion within ten days of the entry thereof.