## O'LEARY, DEPUTY COMMISSIONER, FOURTEENTH COMPENSATION DISTRICT, *v.* BROWN-PACIFIC-MAXON, INC. ET AL.

No. 267.   Argued December 7, 1950.—Decided February 26, 1951.

*Morton Hollander* argued the cause for petitioner. With him on the brief were *Solicitor General Perlman, Acting Assistant Attorney General Clapp* and *Morton Liftin.*

*Edward S. Franklin* argued the cause and filed a brief for respondents.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

In this case we are called upon to review an award of compensation under the Longshoremen's and Harbor Workers' Compensation Act. Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U. S. C. § 901 *et seq.* The award was made on a claim arising from the accidental death of an employee of Brown-Pacific-Maxon, Inc., a government contractor operating on the island of Guam. Brown-Pacific maintained for its employees a recreation center near the shoreline, along which ran a channel so dangerous for swimmers that its use was forbidden and signs to that effect erected. John Valak, the employee, spent the afternoon at the center, and was waiting for his employer's bus to take him from the area when he saw or heard two men, standing on the reefs beyond the channel, signaling for help. Followed by nearly twenty others, he plunged in to effect a rescue. In attempting to swim the channel to reach the two men he was drowned.

A claim was filed by his dependent mother, based on the Longshoremen's Act and on an Act of August 16, 1941, extending the compensation provisions to certain employment in overseas possessions. 55 Stat. 622, 56 Stat. 1035, as amended, 42 U. S. C. § 1651. In due course of the statutory procedure, the Deputy Commissioner found as a "fact" that "at the time of his drowning and

death the deceased was using the recreational facilities sponsored and made available by the employer for the use of its employees and such participation by the deceased was an incident of his employment, and that his drowning and death arose out of and in the course of said employment . . . ." Accordingly, he awarded a death benefit of $9.38 per week. Brown-Pacific and its insurance carrier thereupon petitioned the District Court under § 21 of the Act to set aside the award. That court denied the petition on the ground that "there is substantial evidence . . . to sustain the compensation order." On appeal, the Court of Appeals for the Ninth Circuit reversed. It concluded that "The lethal currents were not a part of the recreational facilities supplied by the employer and the swimming in them for the rescue of the unknown man was not recreation. It was an act entirely disconnected from any use for which the recreational camp was provided and not in the course of Valak's employment." 182 F. 2d 772, 773. We granted certiorari, 340 U. S. 849, because the case brought into question judicial review of awards under the Longshoremen's Act in light of the Administrative Procedure Act.

The Longshoremen's and Harbor Workers' Act authorizes payment of compensation for "accidental injury or death arising out of and in the course of employment." § 2 (2), 44 Stat. 1425, 33 U. S. C. § 902 (2). As we read its opinion the Court of Appeals entertained the view that this standard precluded an award for injuries incurred in an attempt to rescue persons not known to be in the employer's service, undertaken in forbidden waters outside the employer's premises. We think this is too restricted an interpretation of the Act. Workmen's compensation is not confined by common-law conceptions of scope of employment. *Cardillo* v. *Liberty Mutual Ins. Co.,* 330 U. S. 469, 481; *Matter of Waters* v. *Taylor Co.,* 218 N. Y. 248, 251, 112 N. E. 727, 728. The test of re-

covery is not a causal relation between the nature of employment of the injured person and the accident. *Thom* v. *Sinclair*, [1917] A. C. 127, 142. Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that is required is that the "obligations or conditions" of employment create the "zone of special danger" out of which the injury arose. *Ibid.* A reasonable rescue attempt, like pursuit in aid of an officer making an arrest, may be "one of the risks of the employment, an incident of the service, foreseeable, if not foreseen, and so covered by the statute." *Matter of Babington* v. *Yellow Taxi Corp.*, 250 N. Y. 14, 17, 164 N. E. 726, 727; *Puttkammer* v. *Industrial Comm'n*, 371 Ill. 497, 21 N. E. 2d 575. This is not to say that there are not cases "where an employee, even with the laudable purpose of helping another, might go so far from his employment and become so thoroughly disconnected from the service of his employer that it would be entirely unreasonable to say that injuries suffered by him arose out of and in the course of his employment." *Matter of Waters* v. *Taylor Co.*, 218 N. Y. at 252, 112 N. E. at 728. We hold only that rescue attempts such as that before us are not necessarily excluded from the coverage of the Act as the kind of conduct that employees engage in as frolics of their own.

The Deputy Commissioner treated the question whether the particular rescue attempt described by the evidence was one of the class covered by the Act as a question of "fact." Doing so only serves to illustrate once more the variety of ascertainments covered by the blanket term "fact." Here of course it does not connote a simple, external, physical event as to which there is conflicting testimony. The conclusion concerns a combination of happenings and the inferences drawn from them. In part at least, the inferences presuppose applicable standards for assessing the simple, external facts. Yet the stand-

ards are not so severable from the experience of industry nor of such a nature as to be peculiarly appropriate for independent judicial ascertainment as "questions of law."

Both sides conceded that the scope of judicial review of such findings of fact is governed by the Administrative Procedure Act. Act of June 11, 1946, 60 Stat. 237, 5 U. S. C. § 1001 *et seq.* The standard, therefore, is that discussed in *Universal Camera Corp.* v. *Labor Board, ante,* p. 474. It is sufficiently described by saying that the findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole. The District Court recognized this standard.

When this Court determines that a Court of Appeals has applied an incorrect principle of law, wise judicial administration normally counsels remand of the cause to the Court of Appeals with instructions to reconsider the record. Compare *Universal Camera Corp.* v. *Labor Board, supra.* In this instance, however, we have a slim record and the relevant standard is not difficult to apply; and we think the litigation had better terminate now. Accordingly we have ourselves examined the record to assess the sufficiency of the evidence.

We are satisfied that the record supports the Deputy Commissioner's finding. The pertinent evidence was presented by the written statements of four persons and the testimony of one witness. It is, on the whole, consistent and credible. From it the Deputy Commissioner could rationally infer that Valak acted reasonably in attempting the rescue, and that his death may fairly be attributable to the risks of the employment. We do not mean that the evidence compelled this inference; we do not suggest that had the Deputy Commissioner decided against the claimant, a court would have been justified in

disturbing his conclusion. We hold only that on this record the decision of the District Court that the award should not be set aside should be sustained.

*Reversed.*

MR. JUSTICE MINTON, with whom MR. JUSTICE JACKSON and MR. JUSTICE BURTON join, dissenting.

Liability accrues in the instant case only if the death arose out of and in the course of the employment. This is a statutory provision common to all Workmen's Compensation Acts. There must be more than death and the relationship of employee and employer. There must be some connection between the death and the employment. Not in any common-law sense of causal connection but in the common-sense, everyday, realistic view. The Deputy Commissioner knew that, so he found as a *fact* that "at the time of his drowning and death the deceased was using the recreational facilities sponsored and made available by the employer for the use of its employees and such participation by the deceased was an incident of his employment . . . ." This finding is false and has no scintilla of evidence or inference to support it.

I am unable to understand how this Court can say this is a fact based upon evidence. It is undisputed upon this record that the deceased, at the time he met his death, was outside the recreational area in the performance of a voluntary act of attempted rescue of someone unknown to the record. There can be no inference of liability here unless liability follows from the mere relationship of employer and employee. The attempt to rescue was an isolated, voluntary act of bravery of the deceased in no manner arising out of or in the course of his employment. The only relation his employment had with the attempted rescue and the following death was that his employment put him on the Island of Guam.

I suppose the way to avoid what we said today in *Universal Camera Corp.* v. *Labor Board, ante,* p. 474, is to find facts where there are no facts, on the whole record or any piece of it. It sounds a bit hollow to me for the Court, as it does, to quote from the New York case of *Matter of Waters* v. *Taylor Co.,* 218 N. Y. 248, 252, 112 N. E. 727, 728, "where an employee, even with the laudable purpose of helping another, might go so far from his employment and become so thoroughly disconnected from the service of his employer that it would be entirely unreasonable to say that injuries suffered by him arose out of and in the course of his employment." This would seem to indicate that we are leaving some place for voluntary acts of the employees outside the course of their employment for which the employer may not be liable. There surely are such areas, but this case does not recognize them. The employer is liable in this case because he is an employer.

I would affirm the judgment of the Court of Appeals.