544

GENERAL ACCIDENT FIRE & LIFE
ASSURANCE CORPORATION, Lim-
ited, et al., Appellants,

v.

Theodore BRITTON, Deputy Commission-
er, District of Columbia Compensation
District, Bureau of Employees' Compen-
sation and Viola R. Bowman, Appellees.

No. 14255.

United States Court of Appeals
District of Columbia Circuit.

Argued April 10, 1958.

Decided April 17, 1958.

Mr. John A. Beck, Washington, D. C.,
for appellants.

Mr. Ward E. Boote, Asst. Sol., De-
partment of Labor, with whom Messrs.

Oliver Gasch, U. S. Atty., and Lewis
Carroll, Asst. U. S. Atty., were on the
brief, for appellee Britton. Mr. Carl W.
Belcher, Asst. U. S. Atty., also entered
an appearance for appellee Britton.

Mr. Norman S. Bowles, Jr., Washing-
ton, D. C., was on the brief for appellee
Bowman.

Before DANAHER, BASTIAN and BUR-
GER, Circuit Judges.

PER CURIAM.

Appellants had asked the District
Court wholly to suspend or set aside the
Deputy Commissioner's award of com-
pensation to Mrs. Viola R. Bowman and
to dismiss her claim. After considera-
tion of cross motions for summary judg-
ment, the motion of the Deputy Com-
missioner was granted and the action
was dismissed. Basically the case in-
volves the correctness of the finding by
the Deputy Commissioner that the in-
jury of the employee-claimant arose out
of and in the course of her employment.

Mrs. Bowman concededly was em-
ployed as resident manager of an apart-
ment house on twenty-four hour duty,
seven days a week. She was subject to
call at all times, much as was the em-
ployee in Scott v. Hoage, 1934, 63 App.
D.C. 391, 73 F.2d 114. That the Deputy
Commissioner could find that her injury
while in duty status arose out of and in
the course of her employment seems clear
from Hartford Accident & Indemnity Co.
v. Cardillo, 1940, 72 App.D.C. 52, 112
F.2d 11, certiorari denied, 1940, 310
U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415.
It would seem that we may go no farther
in the light of O'Leary v. Brown-Pacific-
Maxon, 1951, 340 U.S. 504, 508, 71 S.Ct.
470, 95 L.Ed. 483, for we cannot say that
the findings are not supported by sub-
stantial evidence on the record considered
as a whole.

Affirmed.