327 F.2d 559
 AMERICAN NATIONAL RED CROSS and The Travelers Insurance Company, a corporation, Plaintiffs-Appellants,
v.
James E. HAGEN, Guardian of James H. Hagen, and R. C. Enos, Deputy Commissioner, Defendants-Appellees.
 No. 14300.
 United States Court of Appeals Seventh Circuit.
 February 4, 1964.
 
 William H. Symmes, David Jacker, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for plaintiffs-appellants.
 Frank E. McDonald, U. S. Atty., Chicago, Ill., Morton Hollander, Edward Berlin, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., for appellees.
 Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 American National Red Cross and The Travelers Insurance Company, a corporation, have appealed from an order of the district court granting the motion of James E. Hagen, guardian of James H. Hagen, and R. C. Enos, Deputy Commissioner, defendants, for summary judgment, denying plaintiffs' motion for summary judgment and affirming the order and award of said Deputy Commissioner, which order was entered May 28, 1963. The action was brought under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.
 
 
 2
 According to § 902(2), "injury" means "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury * * *."
 
 
 3
 The record reveals that the Deputy Commissioner found substantially the following facts:
 
 
 4
 On November 6, 1960, and for some time prior thereto, James H. Hagen, hereinafter additionally referred to as "claimant" was in the employ of the American National Red Cross, assigned to duty with the troops stationed in Iwakune, Japan, when he suffered a mental breakdown diagnosed as acute schizophrenia reaction, paranoid type.
 
 
 5
 That illness arose out of and in the course of the claimant's employment and that the circumstances involved in the claimant's working conditions during the period immediately preceding the onset of his illness on November 6, 1960 were sufficient to create an abnormal stress, and trigger and precipitate his mental breakdown, diagnosed as acute schizophrenia reaction.
 
 
 6
 The condition of "abnormal stress" was the product of accumulated disturbances in the claimant's work environment, which included: a conflict between the claimant and a navy chaplain with respect to responsibility for the delivery to servicemen of death messages; the fact that from "August 1, 1960 to October 1, 1960, the claimant herein had been required, because of his official superior's illness, to take over the duties of his official superior in addition to his own duties; that during this period he was confronted with a difficult personnel problem which involved a matter of questionable conduct on the part of his secretary, necessitating her transfer and the training of an inexperienced replacement; that during the same period and prior to the appointment of a replacement for the official superior, the claimant was subject to call twenty-four hours a day * *."
 
 
 7
 Thereupon the Deputy Commissioner concluded that, as a result of the illness suffered on November 6, 1960, the claimant was totally disabled from March 7, 1961 to September 19, 1962, inclusive, for which period he was awarded $4,335.43 (80 2/7 weeks at the rate of $54.00 per week). Further, the Deputy Commissioner found that the claimant has been suffering from a temporary partial disability since September 20, 1962, "which, having due regard for the nature of the injury, his physical impairment, his usual employment, and his capacity to earn wages in his disabled condition is equivalent to 50 per cent loss in earning capacity". Accordingly, the employer and its insurance carrier were additionally ordered to pay the lump sum of $225.00 (representing temporary partial disability benefits that had accrued from September 20, 1962, to October 31, 1962) and $37.50 per week thereafter until otherwise ordered.
 
 
 8
 The case at bar was instituted on November 23, 1962, resulting in the order from which this appeal has been taken.
 
 
 9
 Plaintiffs contend that an acute schizophrenia reaction is not a compensable injury within the meaning of the Longshoremen's Act, relying on Furlong v. O'Hearne, 144 F.Supp. 266 (Md.1956), affirmed, 4 Cir., 240 F.2d 958 (1957). However, the Deputy Commissioner relies on Travelers Ins. Co. v. Donovan, 95 U.S.App.D.C. 331, 221 F.2d 886, 888. The court there said:
 
 
 10
 "* * * Accordingly, absent substantial evidence to the contrary, a disability occurring in the course of employment `must be presumed to have arisen therefrom.' * * *"
 
 
 11
 Plaintiffs contend that the specific schizophrenia November 6, 1960 reaction of claimant did not arise out of and in the course of the claimant's employment. Thus it is well to note that they do not dispute the fact that the claimant is suffering from an acute schizophrenia reaction.
 
 
 12
 Clearly the Deputy Commissioner did find that claimant suffered an acute schizophrenia reaction, paranoid type, which was triggered and precipitated by working conditions immediately preceding its onset and which "injury arose out of and in the course of employment".
 
 
 13
 We find in the record evidence supporting that finding, consisting, inter alia, of these facts:
 
 
 14
 (1) that from August 1955 through March 6, 1961, the claimant was in the employ of the American Red Cross;
 
 
 15
 (2) that on November 6, 1960, he suffered a mental breakdown diagnosed as acute schizophrenia reaction, paranoid type;
 
 
 16
 (3) that on that date, as he had been for the preceding twenty-one months, the claimant was assigned to duty with troops stationed overseas;
 
 
 17
 (4) that thereafter, he attempted to take his own life and it became necessary to institutionalize him, and
 
 
 18
 (5) that as of the date of the hearing before the Deputy Commissioner the claimant was still receiving psychiatric assistance on an outpatient basis and had not yet been gainfully employed.
 
 
 19
 From a detailed examination of the testimony of claimant, Red Cross Field Director Cecil Roberts, claimant's father, mother and sister, as well as the medical testimony of his attending physician Dr. Richard O. Heilman, who stated as his opinion that claimant's work environment "did precipitate * * * the illness", and whose opinion was that claimant would require further hospitalization and that "his prognosis in years to come would be just fair", that claimant could not now earn a living and the likelihood of a complete recovery would be very unusual, we are required to conclude that there is substantial evidence to support the findings of the district court, with which we have no right to interfere. Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.
 
 
 20
 In the light of those findings, we hold that the ruling applied in Travelers Ins. Co. v. Donovan, supra, is controlling here.
 
 
 21
 For these reasons the order of the district court from which this appeal was taken is affirmed.
 
 
 22
 Affirmed.