**Oliver J. VICKNAIR, Sr., Plaintiff,**

v.

**Raymond E. NEUMAN, Deputy Commissioner, Seventh Compensation District, Bureau of Employees' Compensation, United States Department of Labor, Defendant.**

**Civ. A. No. 15311.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 30, 1965.

Kierr & Gainsburgh, Wilson M. Montero, Jr., New Orleans, La., for plaintiff.

L. Howard McCurdy, Jr., Asst. U. S. Atty., Eastern District of Louisiana, for defendant.

AINSWORTH, District Judge:

This action is brought by Oliver J. Vicknair, Sr., against Raymond E. Neuman, Deputy Commissioner, Seventh Compensation District, United States Department of Labor, to review an order of the Deputy Commissioner which denied plaintiff's claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Our jurisdiction to review such orders is authorized by 33 U.S.C.A. § 921.

Petitioner contends that he injured his back on June 3, 1962, while in the employ of the Bunge Corporation; that the injury occurred while lifting a heavy hatch cover on one of the employer's barges. It is admitted that the employer is subject to the provisions of the Longshoremen's Act. However, both the employer and its compensation insurer deny liability. Their denial is primarily based on petitioner's pre-employment medical record which evidences a history of back disability. They contend that petitioner's injury did not occur while lifting a hatch cover but is rather the result of his prior disability. In fine, they allege that there

is no employment injury involved and thus the provisions of the Longshoremen's Act do not apply.

After a hearing the Deputy Commissioner held that petitioner did not sustain an injury arising out of and in the course of his employment; that petitioner failed to give written notice within thirty days as required by 33 U.S.C.A. § 912, and that such failure was not excused; and finally, that the medical treatment subsequent to June 3, 1962 did not result from an injury arising out of and in the course of his employment. Therefore, the claim for compensation was denied.

In seeking a review of that order, petitioner assigns as error of law the Deputy Commissioner's finding that there was no employment injury, that there was no timely notice and that the subsequent medical treatment was not the consequence of an injury arising out of and in the course of his employment. The Deputy Commissioner now moves for a summary judgment.

█ We hold that there is no error of law in the Deputy Commissioner's findings and his holding that there was no injury arising out of and in the course of petitioner's employment is supported by substantial evidence in the record considered as a whole. Accordingly, in sustaining the order, it is not necessary for us to decide the questions regarding "notice" and the subsequent medical treatment. This result follows from the Longshoremen's Act itself. Section 902(2) of Title 33, U.S.C.A., provides:

> "The term 'injury' means accidental injury or death *arising out of and in the course of employment,* * * *."
> (Emphasis supplied.)

It follows that if the injury does not "arise out of and in the course of employment," then the Longshoremen's Act does not apply. The requirements of notice, etc. become immaterial.

██ The scope of judicial review of such findings of fact is governed by the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. and more particularly 5 U.S.C.A. § 1009(e). See O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). As a general rule, judicial review is limited to questions of law and to questions relative to the procedure followed by the administrative agencies. As to questions of fact, the findings of the Deputy Commissioner are binding unless they are unsupported by the evidence in the record considered as a whole.

The standard to be followed for judicial review is discussed in Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). In applying that standard in O'Leary, supra, the United States Supreme Court stated:

> "It is sufficiently described by saying that the findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole."

The limited scope of judicial review applies also to inferences drawn by the Deputy Commissioner. This was approved in O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965), where the Supreme Court quoted from Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 478, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947).

In Cardillo, the Court stated:

> "In determining whether a particular injury arose out of and in the course of employment, the Deputy Commissioner must necessarily draw an inference from what he has found to be the basic facts. The propriety of that inference, of course, is vital to the validity of the order subsequently entered. * * * If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the oppo-

site inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable."

After citing numerous authorities, the opinion continued:

"It matters not that the basic facts from which the Deputy Commissioner draws this inference are undisputed rather than controverted. See Boehm v. Commissioner, 326 U. S. 287, 293, 66 S.Ct. 120, 124, [90 L. Ed. 78]. It is likewise immaterial that the facts permit the drawing of diverse inferences. The Deputy Commissioner alone is charged with the duty of initially selecting the inference which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court."

We hold that the findings of the Deputy Commissioner are rational and that they are supported by substantial evidence on the record considered as a whole. The record before us evidences the following facts. Petitioner underwent surgery on his back on May 30, 1961, at which time a protruded disc was removed. He was discharged from post-operative treatment on April 23, 1962. Subsequent to his operation but prior to his discharge, petitioner applied for employment with the Bunge Corporation and in his application stated that he had no "physical defects." Petitioner was then 48 years of age. He was hired by Bunge about May 7, 1962, or approximately two weeks following his discharge by Dr. Irvin Cahen. In less than one month (June 3, 1962), he left his job because his back was giving him trouble. On June 8, 1962, his employer wrote petitioner and forwarded his last pay check stating "We regret that due to personal reasons you are unable to continue with Bunge Corporation." Petitioner underwent further treatment for his back and it was not until October 1, 1963 that he filed notice of his claim with respondent. This was one year and four months after the alleged injury of June 3, 1962.

Therefore, from the petitioner's past medical history, and from the chronology of events, the Deputy Commissioner was justified in concluding that petitioner did not suffer an injury arising out of and in the course of his employment. We do not mean that the Deputy Commissioner could not have decided to the contrary, but we do hold that there was substantial evidence to sustain his findings as made. Under the standard to be applied as discussed in O'Leary, supra, and the other authorities cited, we cannot disturb those findings.

Accordingly, after reviewing the record and all of the evidence, we hold that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law. Respondent's motion for summary judgment is granted.