Georgè **TAKARA**, Plaintiff,

v.

**C. F. HANSON, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Pacific Compensation District, and Hawaiian Electric Company, Limited, a Hawaii corporation, Defendants.**

Civ. No. 2354.

United States District Court
D. Hawaii.

Oct. 5, 1965.

Eichi Oki, Honolulu, Hawaii, Shim & Naito, Honolulu, Hawaii, of counsel, for plaintiff.

Herman T. F. Lum, U. S. Dist. Atty., by Yoshimi Hayashe, Deputy U. S. Atty., for C. F. Hanson, Deputy Commissioner, defendant.

Ted Gamble Clause, Honolulu, Hawaii, Pratt, Moore, Bortz & Vitousek, Honolulu, Hawaii, of counsel, for Hawaiian Electric Co., Ltd., defendant.

TAVARES, District Judge.

This is a suit to set aside a compensation order under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 as amended, 33 U.S.C. Sec. 901 et seq. (1958), as extended by the Defense Base Act, 55 Stat. 622 as amended, 42 U.S.C. Sec. 1651 et seq. (1958). The order in question rejected George Takara's claim for compensation against Hawaiian Electric Company, Limited, on the ground that the claim was not based on an injury arising out of and in the course of employment. The facts appear undisputed.

Plaintiff normally worked in Hawaii as a lineman for Hawaiian Electric Company. In November of 1962 Hawaiian Electric Company contracted with the United States Navy to make emergency repairs of typhoon damage on Guam. Plaintiff agreed to go to Guam for a short period with a crew of about forty of his fellow employees. Food and shelter were provided for the crew in barracks at a marine base and they were transported to and from the work site by Hawaiian Electric. Plaintiff knew that a movie theatre, beer garden and PX

facilities were available to him at the marine base at cost.

On November 27, 1962, when plaintiff had been on Guam for 10 to 14 days, he and another fellow worker decided not to take the company transportation back to the base after finishing work at 6:00 P.M. Instead they had dinner in a restaurant near the work site, then joined two Guamanian linemen of their acquaintance for drinks at a bar about six miles from the base.

There was no company rule prohibiting plaintiff from having dinner away from the marine base, but plaintiff knew that in doing so he would have to make his way back to the base without company transportation and without public transportation, along unfamiliar roads that were unlighted because of the typhoon damage. Plaintiff testified that he would have had to stand in line to get his dinner at the base and would have had to stand in line to take a shower there.

Plaintiff's work day was to begin at 4:30 A.M. At about 9:30 P.M. while plaintiff and his fellow worker were attempting to hitch-hike back to the base, plaintiff was struck by a car and received a fractured leg.

All medical expense connected with the injury, except $74.50 was paid by a medical plan whose cost was entirely paid by Hawaiian Electric. Plaintiff was temporarily disabled until June 9, 1963. From the date of the accident through February 27, 1963, plaintiff received full pay under the provisions of Hawaiian Electric's sickness benefit plan; from February 28, 1963, through March 13, 1963, plaintiff received full pay as vacation pay; from March 14, 1963, until June 7, 1963, plaintiff was on leave without pay except that he received full pay for two holidays, April 12 and May 30.

Plaintiff claims no permanent partial disability. His claim here is for $74.50 medical expense, and for compensation for the period from February 28, 1963, to June 7, 1963.

In his argument here plaintiff cites the Compensation Act's presumption of compensability for cases where there is an absence of substantial evidence to the contrary, and the general proposition that the Act should be liberally construed, with doubts being resolved in favor of the employee.

Plaintiff contends that at the time of the accident he was engaged in a reasonable activity, considering that he was in an unfamiliar place, far from his home, where emergency conditions prevailed, and further considering that at the time of the accident he was returning to the base. Near the conclusion of plaintiff's brief, he argues that:

" * * * it would seem entirely proper to consider plaintiffs' activity * * * as 'incident to the overseas employment relationship' and as being 'in the service of his employer no less than in his own interest.' "

But assuming plaintiff's argument to be correct, it does not follow that the contrary finding by the Deputy Commissioner is irrational or without substantial evidence on the record as a whole.

On the authority of O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S. Ct. 470, 95 L.Ed. 483, O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc. (1965) 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (preliminary print) and other cases, the Court believes that the decision of the Deputy Commissioner should be sustained on the ground that,

" * * * While this Court may not have reached the same conclusion as the Deputy Commissioner, it cannot be said that his holding * * * is irrational or without substantial evidence on the record as a whole." 380 U.S. at 363, 85 S.Ct. at 1015.

Although the cases cited in support of plaintiff's contentions have been extremely liberal, this Court does not believe that they go so far that a contrary

finding, on facts similar to those in the case at bar, must be considered irrational.

█ The cases cited by plaintiff are either distinguishable on their facts, or are cases in which a Deputy Commissioner's finding of compensability was upheld through application of the settled rule, applied here, that the Deputy Commissioner's findings will not be set aside on appeal unless they are irrational or are not supported by substantial evidence on the record as a whole.

Plaintiff relies primarily on the case of Self v. Hanson, 305 F.2d 699 (9 Cir. 1962), in which the claimant, at the time of her injury, was a twenty-six year old, unmarried woman, employed as a secretary by a construction company on Guam. Unlike this case, she was obligated by contract to stay in Guam at least a year, and had been in Guam for three or four months. In addition to her secretarial work she was specifically authorized by her employer to work certain evenings as a teacher. She regularly traveled to and from her teaching job in a car owned or maintained by the construction company and operated by employees of the construction company.

A week before the accident the claimant had received a very substantial promotion and her new boss had offered to pick her up after her teaching job since her regular ride was unavailable. He did so, in a company vehicle that he was authorized to use; but before taking the claimant home, her boss, who was on 24-hour call by the company, told her he had company business to attend to elsewhere first. He detoured from that announced errand to park for a time in an area which was one of the very few where employees of the construction company were authorized to go. While they were thus parked, an Army weapons carrier collided with their vehicle, causing injuries to the claimant.

█ In the case at bar plaintiff deliberately chose not to use his employer's transportation to a place where low-cost recreational facilities were provided for him; in the Self case, the claimant chose to avail herself of transportation offered by her employer under circumstances in which she had no other reasonable alternative; and the Court there held that, even if the detour was for recreational purposes, the employer had considered recreation a necessity for its employees on Guam, and one of the primary means chosen by the company to provide recreation was to supply company vehicles and to designate certain places to which the employees were authorized to drive.

Although the plaintiff in our case was having a drink at the invitation of two men who were also linemen, but who worked for a different employer, their invitation could not conceivably be considered to represent any pressure by his employer to stay away from his base; in the Self case on the other hand, the claimant was a young unmarried woman, who had just received a substantial promotion, who acquiesced in the route chosen by her boss, and whose only alternative was to walk or hitch-hike some miles late at night.

In Self the claimant was obligated to stay in Guam at least a year and had been there for more than three months; here the plaintiff was to be in Guam for a short time, to make emergency repairs, and had been there for only ten to fourteen days.

Because of these significant differences it cannot be said that the Self case requires a result different from that reached by the Deputy Commissioner in this case.

The United States Supreme Court in O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 364, 85 S.Ct. 1012, 13 L.Ed.2d 895 held that:

" * * * it is just this type of determination which the statute leaves to the Deputy Commissioner subject only to limited judicial review. Indeed, this type of determination, depending as it does on an analysis of the many factors involved in the area of the employment, would seem

to be one peculiarly for the Deputy Commissioner."

Accordingly, the Motion for Summary Judgment is hereby granted in favor of the Deputy Commissioner and Hawaiian Electric Company, Limited.