Mario TARABOCCHIA, Plaintiff,

v.

**JOHN W. McGRATH CORPORATION** and John McLellan and Michael J. Collura, Deputy Commissioners for the 2nd Compensation District, U. S. Department of Labor, Bureau of Employees' Compensation, Defendants.

No. 66 Civ. 3039.

United States District Court
S. D. New York.
Dec. 20, 1966.

Kenneth Heller, New York City, for plaintiff.

Jacques Smit, New York City, for defendant John W. McGrath Corp.

Robert M. Morgenthau, U. S. Atty. Southern District of New York, Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, for defendant Deputy Commissioners, Charles Donahue, Solicitor of Labor, Alfred H. Myers and Neil R. Peterson, Attys., U. S. Dept. of Labor, and Louis E. Greco, New York City, of counsel.

PALMIERI, District Judge.

These are cross-motions for summary judgment which raise the much litigated issue as to whether the injury in question was one "occurring upon the navigable waters of the United States" within the purview of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, as amended, 33 U.S.C. § 901 et seq. (the Act). Following the accident, the plaintiff received workmen's compensation benefits from New York State. Thereafter he sought unsuccessfully to obtain an award of compensation under the Act. The decision of the Deputy Commissioner, Michael J. Collura, dated August 23, 1966, rejecting the claim, was based on his findings and conclusions to the effect that the injury did not "occur upon the navigable waters of the United States."

The plaintiff was working on a removable skid at the time of the accident. The skid was attached to a pier and warehouse building which covered most of the pier area except for the "apron" or "stringpiece"—a six foot wide space around the exposed areas of the pier. The plaintiff sustained his injuries when the skid slipped away from the edge of the second floor of the pier, causing him to fall to the stringpiece below.

The affidavits sought to be introduced by plaintiff on his motion are extrinsic to the record before the Deputy Commissioner and may not now be introduced or considered. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). The plaintiff urges that Michigan Mutual Liability Company v. Arrien, 233 F. Supp. 496 (S.D.N.Y.1964), in which an extensive opinion was filed by this Court, and which was subsequently affirmed, 344 F.2d 640 (2d Cir. 1965), is a controlling authority in his favor. This Court is constrained to disagree. The injury in the case just cited took place when the claimant struck the water. This is a crucial difference. Moreover, the decision in the *Michigan Mutual* case by the Court of Appeals emphasized the limited scope of review available to the courts. In this action, instituted under Section 21(b) of the Act, 33 U.S.C. § 921(b), to review the record before the Commissioner, not only is the Court's consideration limited exclusively to that record but "the inferences drawn by the Deputy Commissioner [even when the basic facts are stipulated] are to be accepted unless they are irrational or "unsupported by substantial evidence on the record as a whole." O'Keeffe v. Smith, etc., Associates, Inc., 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965). This standard, the Court added, was necessary "to preserve the integrity of the administrative process established by Congress to effectuate the statutory scheme." (p. 365, 85 S.Ct. p. 1016).

In view of the above considerations, the plaintiff's motion for summary judgment must be denied, and the defendants' motions for summary judgment must be granted.

Submit orders on notice.