**MIDWEST TERMINAL WAREHOUSE COMPANY and Hartford Accident & Indemnity Company, Plaintiffs,**

v.

**George A. BYRNE, Deputy Commissioner, Tenth Compensation District, U. S. Department of Labor, Bureau of Employees' Compensation, Defendant.**

**No. 16801–1.**

United States District Court
W. D. Missouri, W. D.

Sept. 3, 1968.

David C. Trowbridge, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiffs.

Calvin K. Hamilton, U. S. Atty., John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This action, maintained under Section 921(b) of Title 33, United States Code, seeks a permanent injunction setting aside a final decision of the Deputy Commissioner for the Tenth Compensation District of the Department of Labor, Bureau of Employees' Compensation. It pends on defendant's motion for summary judgment.

Defendant determined that the claimant, Cecil McMahan, was the employee, within the meaning of the Longshore-

men's and Harbor Workers' Compensation Act, of plaintiff Midwest Terminal Warehouse Co. ["Midwest"], at the time of claimant's injury; that on June 1, 1966 the claimant was injured while loading a barge in the course of and arising out of his employment for Midwest; that claimant and Midwest were subject to the Act at the time of the injury; and that claimant, as a result of said injury, was "wholly disabled" for 71⁶⁄₇ weeks, entitling him to compensation in the amount of $2,838.24, and has permanent partial disability, entitling him to accrued compensation of $220.78 and $15.77 per week from and after January 24, 1968. An award was entered accordingly, deducting $2,799.60 previously paid to claimant under the Missouri Workmen's Compensation laws.

■■■ Our scope of review is extremely narrow. Section 921(b) of Title 33, United States Code, provides that the Deputy Commissioner's order may be set aside only "[i]f not in accordance with law." His findings and inferences "are to be accepted unless they are irrational or 'unsupported by substantial evidence on the record * * * as a whole.' O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504 at 508 [71 S.Ct. 470, 95 L.Ed. 483]." O'Keeffe v. Smith, Hinchman and Grylls Associates, 380 U. S. 359, 362, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965). The fact that a particular inference "involves an application of a broad statutory term or phrase to a specific set of facts gives rise to no greater scope of judicial review. * * *" Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 at 478, 67 S.Ct. 801, at 807, 91 L.Ed. 1028.

Plaintiff contends that "the main question for this Court's consideration is whether the claimant, at the time of the accident in question, was an employee of Midwest * * * or an employee of Labor Pool, Inc." (Plaintiffs' Memorandum, p. 1).

Defendant's Findings of Fact in this regard were:

1. On June 1, 1966, Cecil W. McMahan, hereinafter referred to as the "employee" or the "claimant", was sent by Labor Pool, Inc., of Kansas City to work for or at the Midwest Terminal Warehouse Company.

\* \* \* \* \* \*

17. At the time of his injury on June 1, 1966, the claimant herein was solely in the employ of Midwest Terminal Warehouse Company. The claimant had merely contacted Labor Pool, Inc., of Kansas City as an employment agency, he had been sent to Midwest Terminal Warehouse Company to work for them, and their employees or supervisors told the claimant what duties he was to perform, and directed and controlled his work. The claimant's wages came from Midwest Terminal Warehouse Company, albeit his pay reached him by way of Labor Pool, Inc., of Kansas City, which deducted withholding taxes.

■■ We have reviewed the proceedings and find that the controlling findings of fact made by defendant are neither "irrational" nor "unsupported by substantial evidence," within the meaning of the rule stated in O'Keeffe.

We cannot say that the determination that claimant was "solely in the employ of Midwest" at the time of the injury was "not in accordance with law," within the meaning of Section 921(b). At the very least, claimant herein was an employee of Midwest under the "borrowed" or "loaned" employee doctrine.

Touchet v. Travelers Indemnity Co. (W.D.La.1963), 221 F.Supp. 376, involving a roustabout oil field worker in substantially the same circumstances presented in this case, was held to be an employee within the meaning of the Longshoremen's and Harbor Workers' Compensation Act. That case cites and discusses the borrowed employee cases. We believe that case was correctly decided. We follow it and apply its rationale to the facts of this case.

The cases cited by plaintiffs are not in point and need not be discussed in detail.

For the reasons stated, it is

Ordered that defendant's motion for summary judgment be, and is hereby, granted. It is further

Ordered that the Clerk enter an appropriate judgment for the defendant pursuant to Rule 58(1), Federal Rules of Civil Procedure.