**CANADIAN GULF LINE, LTD. and Texas Employers' Insurance Association, Appellants,**

v.

**R. J. SHEA, Deputy Commissioner, et al., Appellees.**

**No. 25866.**

United States Court of Appeals
Fifth Circuit.

Nov. 15. 1968.

———◆———

Ed Bluestein, Jr., Houston, Tex., Jack L. Allbritton, Houston, Tex., for appellants, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel.

James R. Gough, Jack Shepherd, Asst. U. S. Attys., Morton L. Susman, U. S. Atty., Houston, Tex., for appellees.

Mandell & Wright, Houston, Tex., for Mrs. Beatrice Houston, appellee.

Before GEWIN, PHILLIPS * and GOLDBERG, Circuit Judges.

PER CURIAM:

This action was filed in the District Court to set aside a compensation award of the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.

Luther Houston was employed as a longshoreman aboard a vessel operated by appellant, Canadian Gulf Line, Ltd. On December 9, 1966, while performing service aboard the vessel, he was struck by topping lift wire on deck, sustaining severe injuries in his lower back and a sprain of his left knee, for which he was paid compensation benefits under the Longshoremen's Act. On May 28, 1967, he died of arteriosclerotic heart disease or heart failure. His medical history showed that prior to the date of the accident he had suffered from a heart ailment.

The Deputy Commissioner held that Houston's death was causally related to his 1966 injury and arose out of and in the course of his employment. The District Court granted summary judgment affirming the award of the Deputy Commissioner.

The single question presented on this appeal is whether the District Court erred in holding that substantial evidence on the record as a whole supports the findings of the Deputy Commissioner that the death of the decedent resulted from an injury which arose out of and in the course of his employment within the meaning of the Longshoremen's and Harbor Workers' Compensation Act. We affirm, under the standard of judicial review applied in O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 361–363, 85 S.Ct. 1012, 13 L.Ed. 2d 895; O'Leary v. Brown-Pacific-Maxon Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 477–478, 67 S.Ct. 801, 91 L.Ed. 1028; Todd Shipyards Corp. v. Donovan, 5th Cir., 1962, 300 F.2d 741; and J. V. Vozzolo, Inc. v. Britton, 1967, 126 U.S.App.D.C. 259, 377 F.2d 144.

There is evidence in the record that the decedent had not been able to sleep following his injury because of persistent pain and emotional concern about finances and inability to return to work. A physician testified that continued pain, loss of sleep and emotional worry arising out of the injury suffered by decedent aggravated the heart condition and thereby contributed to the employee's death. This physician further testified that constant pain causes a physiological reaction which pumps more adrenalin into the system, thereby increasing the work load on the heart. Other medical experts testified that, in their opinion, the heart attack was not caused by the injury.

We hold that the District Court was correct in its conclusion that the evidence on which the Deputy Commissioner's decision was predicated meets the substantial evidence test.

Affirmed.

---

* Judge Harry Phillips of the Sixth Circuit, sitting by designation.