**ATLANTIC & GULF STEVEDORES, INC., Plaintiff-Appellant,**

v.

**Raymond E. NEUMAN, Deputy Commissioner, Bureau of Employees' Compensation, and Clarence Walker, Defendants-Appellees.**

**No. 30980**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.
March 31, 1971.

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al, 5 Cir. 1970, 431 F.2d 409, Part I.

Frank A. Courtenay, Jr., of Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., L. Patrick Gray, III, Asst. Atty. Gen., Morton Hollander, Leavenworth Colby, Attys., U. S. Dept. of Justice, Washington, D. C., for Raymond E. Neuman.

Michael D. Zelden, of Zelden & Zelden, New Orleans, La., for Clarence Walker.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

This case had its genesis in a supplemental order entered by the appellee Raymond Neuman, Deputy Commissioner, Bureau of Employees, Compensation, Seventh Compensation District (Deputy Commissioner), in which medical expenses were awarded to appellee Clarence Walker (Claimant or Walker). The expenses were incurred after Walker sustained a back injury while working as a longshoreman for appellant Atlantic & Gulf Stevedores, Inc., a self-insured employer (Employer). Employer sought review in the district court of the Deputy Commissioner's order insofar as it granted Walker an award for surgical expenses incurred subsequent to the Deputy Commissioner's initial award order in the compensation proceedings. The original order awarded Walker temporary total disability payments, but held that his condition did not require surgery. The district court after hearing arguments upon motions for summary judgment respectively on behalf of the Deputy Commissioner, the Claimant and the Employer, granted summary judgment in favor of appellees and against the Employer. No written reasons were assigned. We affirm the district court.

The basic facts in this case are not in dispute. Walker was injured in the

course of his employment on August 28, 1967 and thereafter filed a claim against his employer for compensation under the Longshoremen's and Harbor Workers' Compensation Act, Title 33, U.S.C., Sec. 901, et seq. After a hearing before the Deputy Commissioner on September 10, 1968, he entered an order on October 21, 1968, awarding Walker temporary total disability payments for an aggregate period ending May 29, 1968. At this first hearing, Walker's orthopedist, Dr. Unkauf, testified on Walker's behalf. Dr. Unkauf had examined Walker several times during a ten month period prior to the hearing. He indicated that Walker's condition had changed only slightly since his injury 13 months prior to the hearing, that it had stabilized and was not responding to treatment, and further that in his opinion, Walker was unable to do longshoremen's work. Despite a negative myelographic examination, it was his recommendation that back surgery be undertaken to correct a probable herniated disc at the L5–S1 interspace. In opposition to this recommendation appellant offered the testimony of two medical witnesses, Dr. Berkett and Dr. Grunsten. Each related that they had previously examined Walker and had reported that he was fit to return to work. Both were of the opinion that surgery was unnecessary. In the resulting compensation order of October 21, 1968, the Deputy Commissioner declined to authorize the surgery desired by Walker, finding in part:

"11) That despite the negative myelogram, exploratory surgery has been recommended by the orthopedic specialist consulted by the claimant, which recommendation the Deputy Commissioner considers, in view of the opinions of two other surgeons in opposition to such exploratory surgery, cannot be accepted at this time in the absence of the claimant having made a reasonable trial of work activity since September 8, 1967, and the Deputy Commissioner feels that to authorize the claimant to proceed to undergo such surgery would neither be in his best interests, nor in accordance with the proponderance of evidence that such surgery should not be done; ".

Approximately four months after entry of the above order Walker, upon his own initiative and without further notice to his employer, underwent surgery. Dr. Unkauf performed the operation which resulted in the removal of "a fairly large protrusion of the disc at the L5–S1 intralaminor interspace". Thus that orthopedist's earlier diagnosis was proven correct.

Walker then made timely application for review of the case in accordance with Title 33, U.S.C., Section 922, which provides for modification of awards on the ground of a change of conditions or a mistake in a determination of fact. As a result of informal discussions, the Employer voluntarily accepted the application for modification of award. The Deputy Commissioner, on May 29, 1969, entered his second order modifying the previous award. The modification was based on his finding that the positive results of the surgery indicated that a mistake had been made in his previous determinations of fact and that "in fact, the claimant's accident did result in a herniation (protrusion) of the disc at the L5–S1 interspace for which surgical treatment was necessary". The order awarded compensation for temporary total disability accrued to May 25, 1969, but withheld any award for expenses thereafter, including those incident to Claimant's surgery, pending negotiation of this matter between the parties. After the parties were unable to reach an agreement a second hearing was held on September 23, 1969. At this hearing Employer contested its liability for Walker's surgical expenses and the hospital expenses incident to the surgery. Employer maintained, as it does here, that such liability was precluded by Walker's failure to request from the appellant preliminary approval of the above treatment and by the fact that Employer at no time refused medical treatment to Walker as contemplated in Title 33, U.

S.C., Section 907(d). Subsequently, on March 24, 1970, the Deputy Commissioner entered a supplemental order holding appellant liable for the above expenses. Employer sought review of this in the district court. It was from the district court's affirmance of this March 24, 1970 order by the grant of adverse summary judgment that appellant perfected the present appeal.

Under Title 33, U.S.C., Section 907(a), an employer must furnish such medical treatment to an injured employee for such period as the nature of the injury or the process of recovery may require. In addition, subparagraph (d) of this Section provides that if the employer fails to provide such treatment the employee may procure such treatment at the expense of the employer, but that:

"The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, * * *."

As previously indicated, the Employer contends that it is not liable for Walker's surgical expenses because he failed to comply with the subparagraph (d) conditions. Our decision then turns upon whether these conditions were sufficiently complied with in the present case. We look again to the testimony at the first hearing. There counsel for the Employer clearly stated appellant's position. It was contended that Walker had "fully recovered" from his injury and that " * * * in the event that the question of a laminectomy or an exploratory laminectomy becomes an issue, we contest this as well". Indeed, as shown above, the question of a laminectomy did become an issue and the Employer offered the testimony of two medical witnesses in support of its position that no laminectomy was necessary and that Walker was fit to return to work. This was the position adopted by the Deputy Commissioner in his initial order.

In the supplemental order affirmed below the Deputy Commissioner addressed himself to the question at issue and found in part:

"4) That it is the judgment of the Deputy Commissioner that when an injured employee has been told by physicians furnished by an employer that he is recovered from his injury and requires no further treatment, he has, in effect, been refused treatment by the employer, and he needs only to establish that treatment he subsequently procures on his own initiative, was necessary treatment for the injury in order to be entitled to such treatment at the expense of the employer. In this case, the claimant's claim for medical expenses up to the time of the hearing on September 10, 1968, was denied because the Deputy Commissioner was persuaded by the preponderance of evidence to feel that the further treatment the claimant obtained was not necessary for the injury—a conclusion which, along with the opinions of physicians upon which the Deputy Commissioner, relied, has been proven erroneous. If one considers that, in the face of the Order filed on October 21, 1968, the claimant must continue to pursue a request for treatment which would, undoubtedly, have met with refusal by the employer (armed with a Rejection by the Deputy Commissioner of all claim by the Claimant after May 29, 1968), in order to be entitled to the cost of treatment ultimately proven to have been required for the injury, the results of such a holding by the Deputy Commissioner would certainly be harsh and incongruous and, in the opinion of this Deputy Commissioner, not contemplated by remedial legislation such as the Longshoremen's and Harbor Workers' Compensation Act and, specifically, Section 7 thereof."

■ We agree with the above determination, particularly in light of the Employer's firm opposition to the requested treatment at the first hearing. We consider this as tantamount to a re-

912

fusal by the Employer to provide the treatment desired, which was then buttressed by the Deputy Commissioner's initial order.

The standard for reviewing the findings of the Deputy Commissioner is that they must be accepted unless they are unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L. Ed. 483. The standard is the same for inferences drawn by the Deputy Commissioner. O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc., 1965, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895; Vicknair v. Neuman, 5 Cir. 1966, 362 F.2d 832.

Following this criterion we determine there was substantial evidence in support of the Deputy Commissioner's findings and award. We accordingly conclude that the district court was correct in granting summary judgment in favor of appellees and against the appellant Employer.

Affirmed.