DeMOSS, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s opinion on the basis that Jones’s tort claims are related to her employment.
The arbitration clause states, in relevant part, that “any and all claims [Jones] might have against the company related to [her] employment ... and any and all personal injury claims arising in the workplace” are subject to binding arbitration. Arbitration clauses purporting to cover all disputes “related to” an employee’s employment are interpreted to cover “all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute.” Pers. Sec. & Safety Systems Inc. v. Motorola Inc., 297 F.3d 388, 393 (5th Cir.2002) (quotation omitted). When faced with such a broad arbitration clause “it is only necessary that the dispute ‘touch’ matters covered by the [contract] to be arbitrable.” Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1068 (5th Cir.1998). This court has held that when the scope of an arbitration clause “is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration.” In re Hornbeck Offshore (198k) Corp., 981 F.2d 752, 755 (5th Cir.1993) (quotation omitted); see also Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir.2004) (courts “must resolve all ambiguities in favor of arbitration”). In my view, the issue before this court is debatable and therefore should be resolved in favor of arbitration.
A finding that Jones’s claims are subject to arbitration does not, in my opinion, require arbitration merely because there is an employer-employee relationship; nor does such a finding result in there being no “outer limit” to what is related to Jones’s employment. Under the particular facts and circumstances of this case, I would find that the outer limits of the “related to” language are not exceeded when the alleged rape and false imprisonment occurred on company-owned barracks located in a war zone and Jones was required to reside in the barracks as a condition of her employment. If the attacks had occurred in the Green Zone at *243 large, or at a location where Jones was not required to be, her claims would arguably not be related to her employment.
Other courts construing a substantially similar arbitration clause have found these claims to be “related to” the plaintiffs employment and thus subject to arbitration. In Barker v. Halliburton Co., 541 F.Supp.2d 879, 887 (S.D.Tex.2008), which involved similar facts and an identical arbitration clause, the court held that “overseas employees do not have bright lines between their working time and their leisure time. Long established Fifth Circuit precedent holds that personal activities of a social or recreational nature must be considered as incident to the overseas employment relationship.” Id. at 887-88 (quotations omitted) (citing O’Keeffe v. Pan Am. Airways, Inc., 338 F.2d 319, 322 (5th Cir.1964)). In these circumstances, barracks could be considered part of the work environment. See id. at 888. As the majority points out, the O’Keeffe court was analyzing the course and scope of employment under the Defense Bases Act, which provides worker’s compensation for overseas employees. In O’Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 506, 71 S.Ct. 470, 95 L.Ed. 483 (1951), the Supreme Court noted that worker’s compensation was “not confined by common-law conceptions of scope of employment.” While I agree with the majority that the liberal construction of scope of employment for purposes of worker’s compensation is not necessarily the same standard to be applied when construing the terms of an arbitration agreement, I do find it persuasive when the arbitration agreement contains similar language. Thus, I agree with the holding of the district court in Barker that under these circumstances, the claims are related to a plaintiffs employment. 541 F.Supp.2d at 887-88; see also Oravetz v. Halliburton Co., No. 7-20285-CIV-ZLOCH (S.D.Fla. July 24, 2007) (claims of sexual assault that took place at plaintiffs employer provided housing were related to plaintiffs employment under a similar “related to” arbitration clause); United States ex rel McBride v. Halliburton Co., 2007 WL 1954441, at *5 (D.D.C. July 5, 2007) (plaintiffs claims for false imprisonment were subject to arbitration under similar “related to” arbitration clause).
Finally, Jones’s claims are inextricably connected because they arose from the same incident and the evidence of the claims will necessarily overlap. It seems inefficient to adjudicate these claims before different fora.[1]
For these reasons, I respectfully DISSENT from the majority’s opinion.

. I also note that Jones asserts that Halliburton/KBR is vicariously liable for her claims of sexual assault, false imprisonment, IIED, and negligent hiring, retention, and supervision of employees. In order to succeed on these claims on a theory of vicarious liability, Jones must show that the individual defendants were acting within the scope of their employment. Jones and the individual defendants were all employees of Halliburton/KBR, required to live in the barracks, and were socializing in the barracks while off-duty. Although vicarious liability is based on agency law and the interpretation of an arbitration agreement is based on contract law, I cannot see how Jones can successfully distinguish the district court's holding that the incident was not related to Jones’s employment but, under the same circumstances, was within the scope of the individual defendants’ employment.