368 F.2d 341
 INSURANCE COMPANY OF NORTH AMERICA and Gibbs Corporation, Appellants,
v.
William M. O'KEEFFE, as Deputy Commissioner, United States
Department of Labor, Bureau of Employees'
Compensation Sixth Compensation
District, Regarding Award for
James C. Buck, Appellee.
 No. 22775.
 United States Court of Appeals Fifth Circuit.
 Oct. 27, 1966.
 
 B. T. Miller, Charles Daughtry Towers, Jacksonville, Fla., for appellants, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., of counsel.
 James H. Walsh, Asst. U.S. Atty., Jacksonville, Fla., Alfred H. Myers, Atty., Dept. of Labor, Washington, D.C., Edward F. Boardman, U.S. Atty., Thomas M. Baumer, Asst. U.S. Atty., for appellee, O'Keeffe, Charles Donahue, Sol. of Labor, U.S. Dept. of Labor, of counsel.
 Before WISDOM, BELL and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as amended. 33 U.S.C.A. 901 et seq. The employee whose claim is the basis of the controversy suffered a back injury on October 9, 1961 when appellant insurance company was the insurance carrier for the employer. The issue before the Deputy Commissioner was whether the employee had sustained a new back injury on June 7, 1963 when the employer was covered by another insurance company. The case thus presented was a contest between the two insurance carriers.
 
 
 2
 The Deputy Commissioner found that no accident occurred on June 7, 1963 within the meaning of the Act which caused or materially aggravated the employee's disability. On the contrary, he found that the 1961 accident with its natural consequences, including surgery and alterations in gait and posture, was the sole responsible cause of the disability in question. This was the sole issue before the Deputy Commissioner, and on the appeal to the District Court.
 
 
 3
 The District Court entered summary judgment for the appellee upon a review of the record made on the administrative hearing. We affirm. The record supports the findings that the employee's disability was attributable to his 1961 injury without the subsequent intervention of any new accident in 1963. The findings are neither unsupported by substantial evidence on the record as a whole or irrational. O'Keefe v. Smith, Hinchman & Grylls Associates, Inc., 1965, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895; O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. The findings were not forbidden by the law, and the choice of the Deputy Commissioner as to the inference to be drawn from the basic facts have '* * * substantial roots in the evidence * * *'. Cardillo v. Liberty Mutual Insurance Company, 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.
 
 
 4
 Affirmed.